*Effective 10/17/06, Do NOT attach motion to Chapter 13 plan. File separately as MOTION TO VALUE COLLATERAL.*

| Attorney/Party Name, Address, Phone, Fax, E-mail:<br>LAW OFFICES OF EDUARDO O. ZABANAL, ALC<br>EDUARDO O. ZABANAL 5235<br>Century Square, Suite 1911<br>1188 Bishop Street<br>Honolulu, Hawaii 96813<br>Telephone: (808) 521-1452 Fax: (808) 524-5311<br>E-Mail: e.zabanal@worldnet.att.net | For court use only<br><br>2009 JUN 24 PM 3: 55<br><br>**UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF HAWAII** |
|---|---|
| | Case No. 09-01555<br>Chapter: 13 |
| Debtor: **Eduardson Nicolas Esteban** | Social Security No. (last 4 digits): **8552** |
| Joint Debtor: **Emalyn Parinas Gabriel-Esteban** | Social Security No. (last 4 digits): **1452** |

## MOTION TO VALUE COLLATERAL;
## NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST A HEARING

| Secured Creditor(s):<br>*[Name and Address]* | Eastern Savings Bank, FSB<br>P.O. Box 1277<br>Cockeyville, MD 21030-1277 | Account No.<br>*[at least last 4 digits]* |
|---|---|---|
| Collateral:<br>*[if real property, state address or TMK; if vehicle, state Vehicle I.D. No., Year, Make, Model, Mileage]* | 4312 Kai Ikene Drive<br>Kalaheo, Hawaii 96741<br><br>☐ If checked, subject property is debtor's principal residence. | |
| Date Debt Incurred: | AUG. 2007 | |
| Debtor's Valuation: | $ 399,000.00    Value based on: Current Fair Market Value | |
| If Chapter 13 Plan: | Chapter 13 plan proposes treatment of this claim as secured to the extent of: $ 399,000.00<br>(Balance treated as general unsecured claim unless plan states otherwise.) | |
| | ☐ If checked, valuation may arguably be contrary to the Bankruptcy Code under 11 U.S.C. § 1325(a), as amended effective October 17, 2006. | |

   Pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012, Debtor moves to value the above-described property and, if a Chapter 13 case, to modify the rights of the above-named creditor under 11 U.S.C. § 1322(b)(2). Based on the allegations stated below and in any supplemental documents, Debtor requests that the court make the valuation stated above. Debtor further requests that the valuation supersede any amount asserted as secured in the creditor's proof of claim. Debtor alleges the following security interests in the subject property.

| Creditor (by seniority) / Nature of Interest (e.g., mortgage, judgment, vehicle loan) | Balance Due - Good Faith Est. |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

*Effective 10/17/06, Do NOT attach motion to Chapter 13 plan. File separately as MOTION TO VALUE COLLATERAL.*

**NOTICE IS HEREBY GIVEN** that this motion filed by the Debtor(s) concerns your interest in the above-described property. If the proposed valuation is related to a Chapter 13 plan, a copy of the plan should have been sent to you separately.

Your rights may be affected. You should read the motion and any related documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to approve the proposed treatment of your claim, or if you want the court to consider your views on the motion, then:

**Chapter 13 case:** If this motion is related to a proposed Chapter 13 plan, you or your attorney must file an "Objection to Chapter 13 Plan / Related Motion" not later than 20 days after the date of the notice of the conclusion of the meeting of creditors or 20 days after service of this motion and notice, whichever is later. The objection to the motion will be considered at the hearing on plan confirmation.

**Case under other chapter:** If this motion is not related to a Chapter 13 plan, you or your attorney must file an "Objection and Request for Hearing" not later than 20 days after the date the motion was filed.

Any objection or other response must be filed with the court at the address below. If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the deadline stated above.

United States Bankruptcy Court
District of Hawaii
1132 Bishop Street, Suite 250L
Honolulu, Hawaii 96813

If you or your attorney do not file a timely objection, the court may decide that you do not oppose the relief being sought in the motion and may enter an order granting the relief requested by the Debtor(s). The determination made in such an order will supersede any valuation stated in a proof of claim that you have filed or will file.

### ADDITIONAL NOTICE FOR MOTION RELATED TO CHAPTER 13 PLAN

☐ If this box and one below are checked, provision(s) in the proposed Chapter 13 plan may arguably be contrary to the Bankruptcy Code, as amended October 17, 2005. If so, the court may grant the motion to value collateral and confirm the plan only if you accept the treatment of your claim under the plan. If you do not want to accept the plan, you must file a timely objection to this motion and the plan. If you do not file a timely objection, you will have accepted the plan. If the court enters a confirmation order, the plan's provisions will be binding on you and the Debtor(s).

☐ The plan provides for less than full payment of a debt that (1) is secured by a purchase money security interest in the motor vehicle described above and (2) was incurred within 910 days preceding the date of the filing of the bankruptcy petition.

☐ The plan provides for less than full payment of a debt that (1) is secured by a purchase money security interest in the property described above and (2) was incurred within 1 year preceding the date of the filing of the bankruptcy petition.

☐ The plan provides that you will NOT retain your lien in the property described above until paid in full under nonbankruptcy law or until a discharge is issued to the Debtor(s).

Date: 7/24/09       /s/ _____
                    Debtor / Joint Debtor / Attorney