Of Counsel:
ASHFORD & WRISTON
A Limited Liability Law Partnership LLP

MIRANDA TSAI          8308-0
CONNIE CHOW          8556-0
Alii Place, Suite 1400
1099 Alakea Street
P.O. Box 131
Honolulu, Hawaii 96810
Telephone:  (808) 539-0400
Email:  mtsai@awlaw.com; cchow@awlaw.com

Attorneys for Secured Creditor
 EASTERN SAVINGS BANK, FSB

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) CASE NO. 09-01555 |
| | ) (Chapter 13) |
| EDUARDSON NICOLAS ESTEBAN | ) |
| AND EMALYN PARINAS GABRIEL- | ) OPPOSITION TO DEBTORS' |
| ESTEBAN, | ) MOTION TO VALUE |
| | ) COLLATERAL; DECLARATION OF |
| Debtors. | ) MIRANDA TSAI IN SUPPORT OF |
| | ) OBJECTION TO CONFIRMATION |
| | ) OF PLAN AND OPPOSITION TO |
| | ) DEBTOR'S MOTION TO VALUE |
| | ) COLLATERAL; EXHIBITS "1"-"6" |
| | ) |
| | ) HEARING: |
| | ) Date:   September 17, 2009 |
| | ) Time:  9:40 a.m. |
| | ) Judge:  The Honorable Robert J. Faris |
| | ) |
| | ) Related Docket No. 15 |

690464.01

1

## OPPOSITION TO DEBTORS' MOTION TO VALUE COLLATERAL

EASTERN SAVINGS BANK, FSB ("ESB"), by and through its attorneys,

Ashford & Wriston A Limited Liability Law Partnership LLP, hereby submits its

opposition to Debtors' Motion to Value Collateral filed herein on July 24, 2009

("Motion") on the grounds that Debtors' valuation of the real property located at

4312 Kai Ikena Drive, Kalaheo, Hawaii 96741 Tax Map Key No. (4) 2-3-020-090

(the "Property") is incorrect under the provisions of the Bankruptcy Code.

On or about August 15, 2007, ESB loaned $489,000.00 to Debtors

Eduardson Esteban and Emalyn P. Gabriel-Esteban ("Debtors") (the "Loan"). The

Loan is secured by a Mortgage, Assignment of Rents and Security Agreement

dated August 15, 2007 and recorded in the Bureau of Conveyances of the State of

Hawaii as Document No. 2007-147477. The Loan is further secured by an

Assignment of Leases, Rents and Profits recorded as Document No. 2007-147478,

and a UCC Financing Statement recorded as Document No. 2007-147479.

Debtors failed to pay their Loan obligations as due. On January 27, 2009,

ESB commenced foreclosure proceedings in the State of Hawaii Circuit Court of

the Fifth Circuit. The foreclosure Complaint alleges that Debtors owe a principal

balance of $488,190.98 together with interest, advances and charges thereon from

February 29, 2008. The clerk of the court entered default against Debtors on

March 3, 2009 for Debtors' failure to plead or otherwise defend. A Judgment

690464.01

Based Upon Findings of Fact, Conclusion of Law, Order Granting Motion for Summary Judgment Against Defendants Eduardson Esteban and Emalyn P. Gabriel-Esteban, Interlocutory Decree of Foreclosure and Order of Sale was entered on April 24, 2009. Exhibit "1."

Section 506 of the Code provides that the value of a secured claim "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

As stated in In re Taffi, 96 F.3d 1190 (9th Cir. 1996),

> When a . . . Chapter 13 debtor intends to retain property subject to a lien, the purpose of a valuation under section 506(a) is not to determine the amount the creditor would receive if it hypothetically had to foreclose and sell the collateral. Neither the foreclosure value nor the costs of repossession are to be considered because no foreclosure is intended. Instead, when the proposed use of the property is continued retention by the debtor, the purpose of the valuation is to determine how much the creditor will receive for the debtor's continued possession.
>
> . . .
>
> Consequently, the value has to be the fair market value of what the debtors are using.

Id. at 1192.

In the Motion, Debtors value the Property at $399,000.00 and state that the value is based upon "Current Fair Market Value." Debtors do not claim any exemption for the Property. The Chapter 13 Petition indicates that the Property is

not Debtors' primary residence, but is an investment property. Debtors' stated intent in their proposed amended Chapter 13 Plan is to retain the Property. Debtors' filed Statement of Financial Affairs indicates that Debtors have received rental income although it is not clear whether the rental income is from this investment property or the other Kauai investment property or both.

A search of Hawaii Information Service, the database of MLS Hawaii, Inc., indicates that the Property was purchased in 1990 for $350,000.00. Exhibit "2." The Property consists of a two story, 1,856 square foot, 3 bedroom, 3 bathroom single family residential home on a 8,811 square foot lot.

A search of the County of Kauai's Real Property Assessment and Tax Billing Information Website indicates that the 2009 tax assessed value for the Property is $546,400. Exhibit "3."

On or about January 25, 2008, ESB obtained a Brokers Price Opinion from a broker based on Kauai. Exhibit "4." As of January 25, 2008, the broker opined that the Estimated Sales Price for the Property would be $660,000.00 with a suggested listing price of $669,000.00. The broker noted that "Kai Ikena is an established subdivision with many homes having ocean views. Homes generally show pride of ownership, have good curb appeal and are well maintained. Located 17.4 miles from Lihue, the capital of Kauai County. Golf and walking trails nearby."

690464.01

A search of Zillow.com, an internet real estate search engine, noted that a property located on Kai Ikena Drive, several houses down from the Property, "recently sold" for $804,650. The sold property is a larger lot size than the Property. Exhibit "5." A search on Hawaii Information Service indicates that 4369 Kai Ikena Drive sold for $804,625 on October 1, 2008. Exhibit "5."

A property located at 4444 Kai Ikena Drive, the same street, is on the market for $734,000. Exhibit "6." A search of Hawaii Information Service indicates that 4444 Kai Ikena Drive has less square footage but a larger building than the Property. Exhibit "6." It appears to have been built at or around the same time as the Property. Id.

It is evident that Debtors' valuation is significantly below current market value. As an investment property that in all likelihood will increase in value over time, Debtors' valuation is wildly inaccurate. Accordingly, this Court should deny Debtors' Motion to Value Collateral.

DATED: Honolulu, Hawaii; September 3, 2009.

MIRANDA TSAI
CONNIE CHOW
Attorneys for Secured Creditor
    EASTERN SAVINGS BANK, FSB

690464.01

5